UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MIGUEL CHECO, | Civil File No. 07-3698 (DSD/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| U.S. DEPARTMENT OF JUSTICE, U.S. BUREAU OF PRISONS H. LAPPIN, DIRECTOR (BOP), | |
| Defendants. | |

Plaintiff, an inmate at the United States Medical Center For Federal Prisoners in Springfield, Missouri, commenced this action by filing a pleading entitled "Civil Rights Complaint." (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he may be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

> "Medical Staff at Rochester, MN. Medical Center have a consistent means of not providing medical treatment for what has been determined as a chronic ailment dealing with my neck, back and lower back before and after surgeries."

(Complaint, [Docket No. 1], p. 4, § IV.)

Based on this allegation alone, Plaintiff is attempting to bring a civil rights action against Defendants who are identified in the caption of the complaint as "U.S. Department of Justice U.S. Bureau of Prisons H. Lappin, Director (BOP)." Plaintiff's complaint does not identify any legal grounds for his lawsuit, it does not describe any injury that Plaintiff has sustained (or believes he will sustain), and it does not describe what (if any) relief Plaintiff is seeking in this action.

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue a governmental employee and/or agency, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff has failed to plead any actionable claim for relief against any named Defendant. The complaint is defective because it does not contain any factual allegations showing that any named Defendant did anything that could

entitle Plaintiff to any legal remedy.

To state a cause of action on which relief can be granted, a complaint must allege a set of historical facts which, if proven true, would entitle the plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state a civil rights claim, as Plaintiff apparently is attempting to do here, a complaint allege facts, which if proven true, would show that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

Plaintiff's present complaint fails to state an actionable civil rights claim against any named Defendant, (or anyone else), because it does not include any factual allegations

3

describing anything that any Defendant purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, no Defendant is even mentioned in the meager "statement of claim" section of Plaintiff's complaint, (quoted at p. 2, supra).

It appears that Plaintiff may be seeking to hold Defendants vicariously liable for some allegedly wrongful act or omission by one or more of their employees or subordinates. Such a claim, however, would not be actionable, because governmental officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party directly caused a violation of the plaintiff's constitutional rights. Because Plaintiff's pleading does not include any such allegations with regard to any Defendant, he has failed to state any actionable civil rights claim.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted, and that this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[2] He has not paid any part of

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance,

the fee to date, so he still owes the full $350.00 at this time.  Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: August  29, 2007

           s/ *Franklin L. Noel*
           FRANKLIN L. NOEL
           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 19, 2007**,

---

but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.